### J. F. Blumberg *vs.* H. H. McNear & Co.

A party is not entitled to have alleged errors, occurring on the trial, reviewed by this Court unless excepted to, at the time of the ruling.

The defendant, a mere intruder, having had the use of property, held by plaintiff under color of title, is liable to plaintiff for such use. The fact that plaintiff's title is defective is no defense.

Error to the third Judicial District, holding terms at Port Townsend.

Opinion by Oliphant, Associate Justice.

This case originated before a justice of the peace in Jefferson county, W. T., upon a claim for wharfage. After judgment by the justice, an appeal was taken by the plaintiff in error, defendant below, to the District Court. The cause was tried at the February term, 1861, and verdict for plaintiffs below, defendants in error, for eleven dollars and eighty-seven cents. Upon the rendition of the verdict, the defendant's counsel moved the Court for a new trial, for the reasons stated and filed. The Court overruled the motion. Defendant's counsel excepted, which was allowed by the Court. The fifth reason assigned for a new trial, and the one mainly relied on by defendant's counsel, was in the refusal of the Court to instruct the jury, as per instructions contained in paper marked "A." These instructions are not properly before the Court, not having been excepted to at the time. When a party wishes the action of the

Court below to be reviewed upon a writ of error, for refusing or granting a new trial—to the admission or rejection of evidence —refusing to give instructions prayed for—or to the charge of the Court, he must except or object, as the case may be, at the time, and have the same noted by the Judge, or else they will not be regarded by the Supreme Court. In this case the plaintiff in error has not been held to this strictness. He has had the full benefit of all he claimed, and the record, with all its imperfections, is before the Court.

Upon a careful examination of the reasons assignd for a new trial and the instructions, we are unable to discover any error in the Court below, either in overruling the motion for a new trial, or refusing to give the instructions asked, to the jury. Had the Court given the instructions contained in the paper marked "A," and a verdict rendered in pursuance thereof in favor of the defendant below, it would have been manifest error.

The plaintiffs, McNear & Co., were admittedly in possession of the wharf. The title to it of the original owner was divested by a judicial sale. So far as the liability of the defendant, Blumberg, is concerned, (who sets up no claim to the property), it matters little whether the commissioners of Jefferson county had a right or not to buy and sell it.

"The general rule is that possession constitutes a sufficient title against every person not having a better title." Broom's Legal Maxims, 561. By the facts disclosed in this case, and not controverted, McNear & Co. were in possession of the wharf, and in, under color of title. If, therefore, Blumberg, the defendant, used and enjoyed this wharf or property of the plaintiffs' for his own convenience and benefit (and the jury have found that he did), he must pay for it, and he cannot be relieved by setting up a defective title. In every aspect, the case as presented is with the defendants in error, plaintiffs below, and the judgment must be affirmed, with costs.

Judgment of the Court below is hereby affirmed, and mandate to the District Court in accordance herewith.