THE IDLEWILD.[1]

THE HAVANA.

ROBINSON et al v. THE IDLEWILD.

SAME v. THE HAVANA.

(District Court, S. D. New York. December 26, 1893.)

WHARFAGE—TITLE OF WHARFINGER—ESTOPPEL.
    Vessels which have made use of a wharf, whether under express or implied contract, are not entitled to refuse payment of wharfage on the ground that the wharfinger is not the legal owner of the property.

In Admiralty. Libels to recover wharfage. Decree for libelants.

[1] Reported by E. G. Benedict, Esq., of the New York bar.

Owen, Gray & Sturges, for libelants.
Goodrich, Deady & Goodrich, for The Idlewild.
Mr. Hotchkiss and Mr. Middlebrook, for The Havana.

BROWN, District Judge.    These libels were filed to recover wharf-
age charges against the above-named steamships while they lay at
the libelants' wharf off the foot of Court street, Brooklyn, in the
early part of 1893.

As regards the Havana, I find, that the receipt given on March
24, 1893, to her owners, upon the payment of $375 "in full for wharf-
age to April 17, 1893, or date of sale," must be construed in favor
of the defendants, and as payment of wharfage up to April 17th, al-
though the sale took place on April 2d; so that there remains un-
paid upon the Havana five days' wharfage only, amounting to the
sum of $32.75.

The principal question litigated, is the right of the libelants to
recover at all, payment being resisted on the ground that the east-
erly side of the wharf, where the vessels lay, encroached along its
whole length by about six feet beyond the exterior bulkhead line,
as established by law; and that the libelants not being the legal
owners of so much of the wharf property, could not recover wharf-
age.

The evidence shows that the libelants' testator became the owner
in fee of a strip of land bounded on its easterly side by the estab-
lished bulkhead line, and that Downing & Lawrence became the
owners in fee of the land adjoining on the westward of the libelants'
testator; that the latter in 1878, in conjunction with Downing &
Lawrence, built the wharf in question, which is 24 feet wide, and
from 300 to 400 feet long.    The middle line of this wharf was the
division line between the two owners.    The easterly line of the
wharf, as above stated, was built out some six or seven feet beyond
the proper bulkhead line.    From that time until the present, the
libelants, or their testator, have been in the possession and man-
agement of the whole easterly half of the wharf, and in the ordinary
use thereof for wharfage purposes, and have accommodated vessels
there, collecting the usual charges for wharfage.    So far as the
evidence shows, there has never been any interference by the state,
or by the city authorities, with the libelants' possession, or collec-
tion of wharfage.

Under such circumstances, I do not see how the claimants are in
a situation to raise the question presented.    The Havana engaged
wharfage under a specific contract with the libelants to pay at
specified reduced rates therefor; and it has received the benefit of
its contract.    No express contract is shown in the case of the Idle-
wild; but she went there in the ordinary course of business; has
had the benefit of the facilities of the wharf built and maintained
by the defendants, a part of which wharf is undeniably the libel-
ants' property as against all the world.    Vessels had no right to use
this wharf as against the libelants' consent.    The circumstances
import an implied agreement to pay wharfage, if not at the statu-
tory rate of fees accruing to one who was strictly an "owner,"

at least a reasonable charge for such wharfage facilities as the libel-ants actually furnished to the steamer. A reasonable charge is proved to be not less than the single statutory rate; and no objec-tion is made on this point. No other person makes, or can make, any claim for compensation for the wharfage facilities afforded. So long as neither the state nor city interferes with the libelants' pos-session, and letting of the wharfage facilities, I see no reason why the vessels enjoying the use of it, should be entitled to dispute the libelants' right to a fair compensation, any more than a tenant should be allowed to dispute his landlord's title, as a defense against the payment of rent. These views seem to me all implied, or directly asserted in the case of Wetmore v. Gaslight Co., 42 N. Y. 384.

There must, therefore, be a decree for the libelants as against the Idlewild for 19 days' wharfage at the rate of $5.43 per day, with interest; and against the Havana for the sum of $32.75, the balance above stated, with costs.