[No. 28834.   Department Two.   November 25, 1942.]

THE PORT OF WILLAPA HARBOR, *Respondent*, v. NELSON CRAB AND OYSTER COMPANY, *Appellant*.[1]

*L. B. Donley*, for appellant.

*John T. Welsh*, *W. H. Abel*, and *Chas. B. Welsh*, for respondent.

SIMPSON, J.—This action was instituted by plaintiff to collect wharf charges from the defendant. The case was tried to the court, sitting without a jury. At the conclusion of the trial, the court made its findings of fact and conclusions of law and, based thereon, entered judgment in favor of plaintiff. Defendant appeals and assigns error of the trial court in granting judgment against defendant and the failure to dismiss the complaint.

The case was submitted upon an agreed statement of facts, the pertinent portions of which may be sum-

[1]Reported in 131 P. (2d) 155.

marized as follows: The port of Willapa Harbor is a port district, the territorial confines of which are within the boundaries of Pacific county, and sometime prior to this action purchased the dock or wharf at Tokeland within the district. Appellant is engaged in the business of catching, processing, shipping, and dealing in crabs, and, in the course of its business, has for a long period of time made commercial use of the wharf and dock which the port claims to own.

Prior to September 12, 1939, Pacific county erected the wharf at the end of a public road operated and maintained by the state of Washington as a secondary highway, a portion of which, however, was maintained by Pacific county as a county road. September 12, 1939, the county, acting through its board of county commissioners, conveyed the dock to respondent for a stated consideration of one dollar. From and after November 1, 1939, appellant moved over the dock or wharf a large amount of crabs, the reasonable wharfage charge for which was $440.97.

Appellant contends that a sale of the wharf to respondent by the county was illegal and void and for that reason respondent could not recover fees for the use of the wharf.

It is a well-established rule that a tenant, when sued for rent, is estopped to deny the title of his landlord.

"A tenant at sufferance entering under the title of another is estopped to deny such title, and his possession is regarded as the possession of such other, regardless of the nature of the arrangement by which the premises are taken or held. The rule that a tenant will not be permitted to deny his landlord's title estops the tenant from showing that the lease is imperfectly executed, and is applicable to every species of tenancy including that at sufferance, and may be invoked in an action of debt, assumpsit, covenant, or ejectment." 4 Thompson on Real Property (Perm. ed.) 272, § 1739.

■ This rule applies to one who uses the wharf by permission of the owners.

In *Blumberg v. McNear & Co.*, 1 Wash. Terr. 141, we find the rule stated as follows:

"The plaintiffs, McNear & Co., were admittedly in possession of the wharf. The title to it of the original owner was divested by a judicial sale. So far as the liability of the defendant Blumberg is concerned (who sets up no claim to the property), it matters little whether the commissioners of Jefferson county had a right or not to buy and sell it.

" 'The general rule is that possession constitutes a sufficient title against every person not having a better title.' Broom's Legal Maxims, 561. By the facts disclosed in this case, and not controverted, McNear & Co. were in possession of the wharf, and in, under color of title. If, therefore, Blumberg, the defendant, used and enjoyed this wharf or property of the plaintiffs' for his own convenience and benefit (and the jury have found that he did), he must pay for it, and he cannot be relieved by setting up a defective title."

"Where defendant has had the use of the wharf, and. plaintiff was in possesion under color of title it is no defense to a claim for wharfage that plaintiff's title is defective." 68 C. J. 223, Wharves, § 44.

Accord: *Robinson v. The Idlewild*, 59 Fed. 628, affirmed in 64 Fed. 603; *Corpus Christi v. Central Wharf & Warehouse Co.*, 8 Tex. Civ. App. 94, 27 S. W. 803; *Treadgold v. Willard*, 81 Ore. 658, 160 Pac. 803; 1 Farnham, Waters and Water Rights, 583, § 126.

Appellant used the wharf with permission of respondent for a considerable length of time and cannot now dispute the title claimed by respondent. Having arrived at this conclusion, we find it unnecessary to discuss other questions presented by this appeal.

The judgment is affirmed.

ROBINSON, C. J., BEALS, BLAKE, and DRIVER, JJ., concur.